IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANA R. MOORE                                                                                        PLAINTIFF

vs.                                         Civil No. 4:07-cv-04112

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jana R. Moore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on July 26, 2005.[2]  (Tr. 11, 62).  Plaintiff alleged she was disabled due to bipolar disorder, weight gain, and lower back pain.  (Tr. 62, 70).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed an application for SSI on January 23, 2001.  (Tr. 67).  This application was denied initially and upon reconsideration.  (Tr. 39-40).  This application from 2001 is not presently before this Court.  (Tr. 11).

alleged an onset date of October 1, 2004. (Tr. 62). This application was initially denied on September 9, 2005 and was denied again on reconsideration on January 12, 2006. (Tr. 44-45, 47-49).

On January 24, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 43). The hearing was held on December 13, 2006 in Texarkana, Arkansas. (Tr. 629-648). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 632).

On May 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 11-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act for the purposes of entitlement to a period of disability and Disability Insurance Benefits ("DIB") as of October 1, 2004, her alleged onset date, and continued to meet those requirements through March 31, 2005. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: previous herniated nucleus pulposus at L5-S1, status post surgical diskectomy; bipolar disorder with depression and anxiety; and substance addiction disorder. (Tr. 19, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her

Residual Functional Capacity ("RFC"). (Tr. 20, Findings 5-6). At the administrative hearing, Plaintiff claimed that she would get "real anxious," that she felt "everything . . . [was] . . . bunched together," and that she could not "think properly." (Tr. 636). Plaintiff also claimed her back and leg hurt her when she climbed ladders. (Tr. 634). The ALJ evaluated these subjective complaints and allegedly disabling symptoms. (Tr. 12-19). Based upon this review, the ALJ discounted Plaintiff's subjective complaints:

> The claimant's testimony and subjective allegations regarding the severity of her physical and mental symptoms, limitations and restrictions are found to be credible only in so far as they are supported by the medical evidence and other evidence of record and only to the extent that she would be limited to the performance of simple, unskilled work activity at no more than the medium exertional levels, and are not found to be fully credible for all the reasons set forth in the body of the decision.

(Tr. 20, Finding 5).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 12-19). Specifically, the ALJ determined Plaintiff retained the following RFC:

> The claimant does not experience any physical or mental symptoms, limitations or restrictions of such duration, frequency or intensity to be disabling or that would preclude her from the performance of simple, unskilled work activity at the medium exertional level. (The residual functional capacity to perform medium work also includes the residual functional capacity to perform sedentary and light work activity). She can lift and/or carry up to 50 pounds occasionally and up to 25 pounds frequently. She is also capable of sitting, with normal breaks, for a total of 6 hours in an 8-hour workday, and is further capable of standing and/or walking, with normal breaks, for a total of 6 hours in an 8-hour workday. Mentally, she is limited to performance of work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote; there are few variables and little judgment is required; and where required supervision is simple, direct, and concrete. That mental residual functional capacity is consistent with the definition of the performance requirements of simple, entry-level unskilled work. She does not have any other additional significant postural limitations, manipulative limitations, environmental limitations, communicative limitations or mental restrictions.

(Tr. 20, Finding 6). *See* 20 C.F.R. § 416.967(c) (2008).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 21, Findings 11-12). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 631-648). The VE testified that Plaintiff's PRW included work as a material handler (heavy, semiskilled work), plumber's helper (heavy, semiskilled work), electrician's helper (heavy, semiskilled work), heavy equipment operator (medium, skilled work), and carpenter (medium, skilled work). (Tr. 644-645). The VE testified that a hypothetical person the same age as Plaintiff and with the same education, work experience, and RFC as Plaintiff would be unable to perform Plaintiff's PRW. (Tr. 645).

The VE also testified, however, that the same hypothetical individual would be able to perform other work existing in significant numbers in the national economy. (Tr. 645-647). Specifically, the VE testified that this hypothetical individual could perform work as a kitchen helper with 500,000 such jobs in the nation, 4,000 in Arkansas, and 30,000 in Texas; as a hand packer with 700,000 such jobs in the nation, 6,000 in Arkansas, and 36,000 in Texas; and as a dry cleaner helper with 300,000 such jobs in the nation, 5,000 in Arkansas, and 15,000 in Texas. *See id.* Based upon this testimony, the ALJ determined that there were a significant number of jobs in the economy which Plaintiff would be able to perform and that Plaintiff had not been under a "disability," as defined by the Act, for any continuous twelve-month period of time from October 1, 2004 through the date of the ALJ's decision or through May 24, 2007. (Tr. 21, Findings 12, 14).

On May 1, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On November 28, 2007, Plaintiff filed the present

appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 4, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision is not supported by substantial evidence in the record; (B) the ALJ erred in finding that Plaintiff did not meet the requirements of the Listings under 12.00 for mental disorders; and (C) the ALJ failed to fully and fairly develop the record. (Doc. No. 7, Pages 3-19). In response, Defendant claims that the ALJ's decision is supported by substantial evidence in the record. (Doc. No. 8, Pages 3-10). Defendant argues that the ALJ properly discredited Plaintiff's subjective complaints partly because

Plaintiff had "lied under oath during the hearing and stated that she had not used drugs since 2004." *See id.* at 3. Defendant also argues that the ALJ properly considered Plaintiff's activities and medical records in determining that she was not disabled. *See id.* at 4. Finally, Defendant argues the ALJ properly found that Plaintiff's condition did not meet or equal the requirements of one of the Listings and that Plaintiff was capable of performing work existing in significant numbers in the national economy. *See id.* at 5-10. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed essentially no *Polaski* analysis. The ALJ did not examine the factors and did not state inconsistencies between Plaintiff's claims and the record as required by *Polaski*. *See id.* In fact, the ALJ did not even mention the factors from *Polaski* or the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 12-19). Instead, the ALJ merely provided a summary of Plaintiff's medical records, noted that Plaintiff had lied under oath about her drug use, and then made the following finding: "[t]he undersigned simply cannot find the claimant's subjective allegations that she is incapable of all work activity to be fully credible for all the reasons set forth above." (Tr. 17). This analysis is insufficient. On remand, the ALJ is required to fully evaluate Plaintiff's subjective complaints in accordance with the standard set forth above.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

8

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of December, 2008.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE